IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. CCB-17-3216 |
| | * | |
| **$156,639.00 U.S. Currency,** | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \*

## MOTION FOR JUDGMENT AND ORDER OF FORFEITURE

The United States of America, through its undersigned counsel, Robert K. Hur, United States Attorney, and Michael C. Hanlon and Dana J. Brusca, Assistant United States Attorneys, moves pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for the entry of a Default Judgment and Order of Forfeiture. In support of its motion, the United States submits the following:

1. On November 1, 2017, the Plaintiff filed a verified complaint for forfeiture *in rem*, alleging that the Defendant Property should be forfeited to the United States of America pursuant to 21 U.S.C. § 881.

2. As explained in the verified complaint, the Defendant Property consists of $156,639.00 in U.S. Currency, seized from the home of Clarence Jones, on November 16, 2016, at 1624 Ashburton Street, Baltimore, Maryland. The Defendant Property was sealed and released into the custody of DEA TFO Nick Montemarano and DEA TFO William Bristol. The DEA TFOs then transported the U.S. Currency to the DEA, who then transferred to the custody of the United States Marshals Service - Asset Forfeiture Section, where it remains.

3. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities or other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, or securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq.

4. The Verified Complaint complies in all respects with the pleading requirements in Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions in that it: (a) is verified; (b) states the grounds for subject matter jurisdiction, *in rem* jurisdiction over the Defendant Property, and venue; (c) describes the Defendant Property with reasonable particularity; (d) states the location where the Defendant Property was seized; (e) identifies the statute(s) under which the forfeiture action is brought; and (f) states sufficiently detailed facts to support a reasonable belief that the government would be able to meet its burden of proof at trial.

5. Pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, copies of the Verified Complaint and other pertinent documents were sent by certified mail on November 28, 2017 to Timika Jones, Clarence Jones, Antoinette Jones, and Antwan Braxton, all of whom were located at 1624 Ashburton Street, Baltimore, Maryland. ECF No. 9-1. On June 7, 2018, copies of the verified complaint and other documents were also sent to Mr. Jason G. Downs, Esquire, attorney for Mr. Clarence Jones in the related criminal matter, *United States* v. *Jones*, CCB-17-CR-415 (D. Md.), pursuant to which Jones was charged with possessing a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 9-2. Notice of the pendency of this case was also posted on an official government internet site

(www.forfeiture.gov) pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions for thirty (30) consecutive days, beginning on November 14, 2017.  A Declaration of Publication has been filed with this court.  ECF No. 9-3.

6.  Pursuant to Supplemental Rule G(5)(a) & (b), any claimant to the Defendant Property was required to file a claim no later than 35 days after the written notice was sent, or 60 days after the first publication of notice on the official government website.  Consequently, the deadlines to file a claim expired, respectively:  (a) on January 2, 2018, with respect to Timika Jones, Antoinette Jones, and Antwan Braxton; (b) no later than July 12, 2018, with respect to Clarence Jones; and, on January 13, 2018, with respect to any other party.

7.  On July 12, 2018, Mr. Downs (attorney for Clarence Jones in a criminal case arising out of the same search warrant) entered his appearance in this civil case and simultaneously moved to stay it.  ECF 5 & 6.  On July 19, 2018, the United States responded to the motion for a stay and consented to it.  ECF 7.

8.  On July 20, 2018, the Court stayed this civil asset forfeiture proceeding pending resolution of the criminal case.  ECF 8.

9.  On March 6, 2019, Clarence Jones entered a plea of guilty to Count One of the indictment pending against him.  *Jones*, CCB-17-CR-415, ECF 42.  In the Statement of Facts entered in support of his plea, Mr. Jones admitted that in the basement of the location where a portion of the Defendant Property was found, police found two firearms, "various types of United States currency, ammunition, narcotic paraphernalia, narcotic packaging, . . . [m]ail in the name of a female subject . . . [and] [a] Maryland state identification card in the name of Clarence Jones." *Id*.  Jones further admitted that the he had "stated that the items, in the basement belonged to him." *Id.*  Finally, the defendant admitted that in a vehicle near the residence, rented in the name of the

same female subject, there were "various amounts of U.S. Currency hidden behind the radio and center console and approximately 125 gelatin capsules containing a powdery substance" later confirmed to contain heroin. *Id.*

10. On May 31, 2019, Mr. Jones signed a Consent to Forfeiture. A copy of the Consent to Forfeiture has been attached hereto as **Exhibit A**. The Consent to Forfeiture states: "Clarence Jones, claimant to the Defendant Property, hereby agrees that the claimed Defendant Property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881.  The claimant hereby withdraws any claim [to the defendant property], including ECF 6, and consents to the forfeiture of the defendant property to the United States of America, relinquishing all of his legal right, title and interests therein."

11. Thus, to the extent Clarence Jones has made a claim to the Defendant Property, his claim has been withdrawn, and no other timely claims have been made in regard to the Defendant Property.

12. Upon information and belief, no person or entity thought to have an interest in the Defendant Property is an infant, incompetent, or presently engaged in military service.

13. Accordingly, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the United States is entitled to the entry of a default judgment.  Moreover, to ensure that the United States has clear title to the Defendant Property and has the authority to dispose of the Defendant Property in accordance with law, the government now seeks the entry of a formal Order of Forfeiture.

WHEREFORE, the United States requests the entry of the Default Judgment and Order of Forfeiture submitted herewith, transferring title of the Defendant Property to the United States and directing the Attorney General to dispose of the Defendant Property according to law.

Date: <u>7/30/2019</u>                                    Respectfully submitted,

                                                                                                        Robert K. Hur
                                                                                                        United States Attorney

                                                                                                        /s/_____
                                                                                 MICHAEL C. HANLON
                                                                                 DANA J. BRUSCA
                                                                                 Assistant United States Attorneys
                                                                                 United States Attorney's Office
                                                                                 36 South Charles Street
                                                                                 Fourth Floor
                                                                                 Baltimore, Maryland 21201
                                                                                 Telephone (410) 209-4800

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 30, 2019, copies of the foregoing Motion for Default Judgment and Order of Forfeiture were mailed first-class, postage prepaid to Mr. Jason Downs, Esq., attorney for Clarence Jones, at 20 South Charles Street, Suite 901, Baltimore, Maryland 21201.

/s/
DANA J. BRUSCA
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION NO. CCB-17-3216** |
| | * | |
| **$156,639.00 U.S. Currency,** | * | |
| **Defendant,** | * | |
| | * | |

\* \* \* \* \* \* \*

**<u>JUDGMENT AND ORDER OF FORFEITURE</u>**

In accordance with Rule 55(b)(2) and Rule 58, Federal Rules of Civil Procedure, a Default Judgment is entered in favor of the United States of America against $156,639.00 U.S. Currency (the "Defendant Property").

Accordingly, it is hereby ORDERED, ADJUDICATED and DECREED that:

1.  The United States having filed a verified complaint for forfeiture *in rem* that complies in all respects with the pleading requirements in Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and having complied further with the notice requirements in Rule G(4), and no person having filed a claim pursuant to Rule G(5) within the time allowed, the Defendant Property is forfeited to the United States pursuant to 21 U.S.C. § 881. The United States shall have all rights of title and possession of such Property against all persons who could have filed a claim to the Defendant Property but failed to do so.

2.  The Attorney General, or a designee, is authorized to seize the forfeited Defendant Property and take exclusive custody and control of it until it may be disposed of in accordance with law.

3.  Pursuant to 28 U.S.C. § 2465(a)(2), this Order shall constitute certification of the court's finding that there was reasonable cause for the seizure or arrest of the Property subject to forfeiture.

This case is hereby CLOSED.

It is so ORDERED.

Date: _____

_____
Catherine C. Blake
United States District Judge